UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.     22-mj-02070-Louis

IN THE MATTER OF
A SEALED COMPLAINT

_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___Yes _X_No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___Yes _X_No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___Yes _X_No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   /s/ Andrea Goldbarg
ANDREA GOLDBARG
Assistant United States Attorney
Court ID A5502556
JLK Federal Justice Building
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9309
Email: Andrea.Goldbarg@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint            original

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. 22-mj-02070-Louis |
| RODOLPHE JAAR, | ) |
|  | ) |
|  | ) |
| *Defendant(s)* |  |

**CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 1, 2021 through July 7, 2021__ in the county of _____Miami-Dade_____ in the
__Southern__ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2339A | Providing Material Support Resulting in Death |
| 18 U.S.C. § 956(a)(1) | Conspiracy to Kill or Kidnap outside the United States |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Jacqueline Valdes
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  FaceTime

Date:  01/15/2022

*Judge's signature*

City and state:            Miami, Florida                        Lauren F. Louis, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jacqueline Valdes, being first duly sworn, hereby depose and state the following:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), having been so employed since March 2018. I am currently assigned to the Health Care Fraud Strike Force of the FBI's Miami Division. As a Special Agent with the FBI, I have received general law enforcement training, and I have been personally involved in investigations concerning a variety of violations of federal offenses, including health care fraud, wire fraud, money laundering, diversion of opioids, bank robbery, international violent crime, and other violations of federal law.

2. This Affidavit is submitted for the limited purpose of establishing probable cause to charge and arrest Roldolphe JAAR ("JAAR") for (1) a violation of 18 U.S.C. § 2339A, providing material support and resources[1] resulting in death, knowing or intending that such support and resources are to be used to prepare for, or carry out, enumerated violations, including a violation of 18 U.S.C. § 956, which prohibits conspiracy to murder or kidnap outside the United States; and (2) a violation of 18 U.S.C. § 956(a)(1), Conspiracy to Kill or Kidnap outside the United States.[2]

3. I am personally involved in this investigation, along with other law enforcement agents, including other FBI agents and Homeland Security Investigations ("HSI") agents. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known about this investigation. The facts and information contained

---

[1] "Material support or resources" includes, in relevant part, "any property, tangible or intangible, or service, including currency or monetary instruments or financial services, lodging, training, expert advice or assistance, safehouses ... weapons ... personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials." 18 U.S.C. § 2339A(b)(1).

[2] 18 U.S.C. § 956(a)(1) provides, in relevant part, "[w]hoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished . . . ."

1

in this Affidavit are based on my personal knowledge and observation, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as the review of records, documents, and other physical items obtained during the course of this investigation.

## PROBABLE CAUSE

4. On July 7, 2021, the President of Haiti, Jovenel Moise, was assassinated in his residence in Port-au-Prince, Haiti. The First Lady ("M.M."), suffered multiple gunshot wounds. M.M. survived and received medical treatment in Miami.

5. According to statements made by Haitian authorities and the autopsy performed by Haitian officials, the President was shot twelve times and died as a result. Haitian authorities arrested numerous individuals in connection with the assassination, including several Colombian nationals and several dual Haitian-American citizens.

6. Through witness interviews and the review of records and seized electronic evidence, the investigation has revealed that in or around early June of 2021, a group of approximately twenty Colombian citizens with military training were recruited to assist in the execution of a purported Haitian arrest warrant for President Moise. Several of the Colombians stayed at a residence controlled by JAAR. According to interviews, JAAR was responsible for providing weapons to the Colombians to facilitate carrying out the operation. That same month, JAAR also attended a meeting that included co-conspirator #1, a Haitian-American citizen, during which co-conspirator #1 discussed the plan to arrest President Moise.

7. According to witness statements, JAAR was present when co-conspirator #1 secured the signature of a former Haitian judge on a written request for assistance to further the arrest and imprisonment of President Moise, as well as purporting to provide Haitian immunity for such actions. On or about June 28, 2021, in furtherance of and to effect the object of the

conspiracy, co-conspirator #1 traveled from Haiti to the United States, specifically the Southern District of Florida, and provided other individuals with the document. According to interviews of several co-conspirators in Haitian custody, by this point certain co-conspirators had knowledge, or at least believed, that the plan was to assassinate rather than kidnap President Moise. On or about July 1, 2021, co-conspirator #1 flew from Florida to Haiti to participate in the operation.

8. On July 7, 2021, some of the Colombians and others entered the Presidential residence in Haiti with the intent and purpose of killing President Moise, and in fact, the President was killed. Later that day, JAAR communicated with co-conspirator #1 and others to assist the Colombians and co-conspirator #1, who were hiding and feared that they would be captured and/or killed by Haitian authorities. Co-conspirator #1 was subsequently arrested by Haitian authorities and is currently in custody in Haiti.

9. On December 9, 2021, JAAR was interviewed outside the United States and provided U.S. law enforcement with a voluntary statement. In summary, JAAR admitted that he provided firearms and ammunition to the Colombians to support the assassination operation. He stated that the operation changed from an arrest operation to an assassination operation after the initial plan to "capture" the Haitian President at the airport and take him away by plane did not go forward. JAAR admitted to attempting to assist co-conspirator #1 and the Colombians by directing them to hide in another country's embassy in Haiti.

10. Based on the foregoing, your Affiant respectfully submits that there exists probable cause to believe that JAAR committed the offenses of 18 U.S.C. § 2339A, Providing Material

3

Support or Resources to Carry out a Violation of Section 956, Resulting in Death; and 18 U.S.C. § 956(a)(1), Conspiracy to Kill or Kidnap a person outside the United States.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Jacqueline Valdes
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime this __15__ day of January 2022.

_____
HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4